OPINION
{¶ 1} In cases 9-08-18 and 9-08-19, defendants-appellants, respectively Jason W. Brown (hereinafter "Brown") and Jerry W. Hill (hereinafter "Hill"), appeal the judgments of the Marion County Court of Common Pleas denying their motions for appointment of counsel. In this consolidated appeal, both Brown and Hill argue that the trial court erred by denying their motions for appointment of counsel.
 {¶ 2} In case 9-08-18, on October 29, 2004, Brown plead guilty to gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree; and sexual battery in violation of R.C. 2907.03(A)(5), a felony of the third degree. Brown was sentenced to serve an aggregate term of five years imprisonment. In addition, Brown was classified as a sexually oriented offender under Ohio's Megan's Law (former R.C. 2950.01, et seq.) which required ten years of reporting. Brown was exempted from the community notification requirement.
 {¶ 3} In case 9-08-19, on January 5, 2007, Hill was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4); felony of the third degree, and sexual battery in violation of R.C. 2907.03(A)(5), a felony of the third degree. Hill was classified as a sexually oriented offender under Ohio's Megan's Law *Page 3 
(former R.C. 2950.01, et seq.), which required ten years of reporting. Hill was exempted from the community notification requirement.
 {¶ 4} Both Brown and Hill reside in Marion County and both are currently incarcerated at North Central Correctional Institution. They both received letters from the Ohio Attorney General informing them that, pursuant to Ohio's newly enacted Adam Walsh Child Protection and Safety Act (R.C. 2950.01, et seq.), they were to be reclassified as a "Tier III Sex Offender." They were also informed that under the new law there was lifetime reporting along with community notification upon their release from prison.
 {¶ 5} On March 12, 2008, Brown and Hill filed petitions challenging their reclassification and motions requesting that they be appointed counsel due to their indigency. On March 13, 2008, the trial court issued a stay of the actions pending the Ohio Supreme Court's ruling on the constitutionality of Senate Bill 10 ("S.B. 10");[1] however, the trial court overruled both Brown and Hill's motions for appointment of counsel.
 {¶ 6} Brown and Hill now appeal and raise one assignment of error.
 Assignment of Error No. I The trial court erred by denying Mr. Brown's [and Mr. Hill's] motion for appointment of counsel. That error violated [their] right to counsel, due process, and equal protection. Sixth and Fourteenth Amendments to the United States Constitution; *Page 4 Sections 10 and 16, Article 1 of the Ohio Constitution. (March 13, 2008 Ruling on Motion for Appointment of Counsel).
 {¶ 7} In their assignment of error, Brown and Hill argue that they are entitled to counsel because S.B. 10 is punitive, or alternatively, because the State has deprived them of a substantial liberty right.
 {¶ 8} However, upon consideration, this Court finds that these appeals are not taken from final appealable orders. In re Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198, ¶¶ 17-21; In re Smith, 3d Dist. No. 1-07-58,2008-Ohio-3234, ¶¶ 36-38; Chojnacki v. Rogers (Apr. 3, 2008), 12th Dist. No. CA2008-03-040.[2] These orders, denying both parties' motions for appointment of counsel, do not affect "a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1); See also, In re Gant, 2008-Ohio-5198, at ¶ 21; In reSmith, 2008-Ohio-3234, at ¶ 36. Chojnacki, 12th Dist. No. CA2008-03-040. Furthermore, these orders were not made in a special proceeding (R.C. 2505.02(A)(2)), or qualify as a provisional remedy (R.C. 2505.02(A)(3)).Chojnacki, 12th Dist. No. CA2008-03-040.
 {¶ 9} These appeals should be dismissed for lack of jurisdiction.
Appeals Dismissed.
 SHAW, P.J., and WILLAMOWSKI, J., concur.
[1] S.B. 10 is the Adam Walsh Child Protection and Safety Act legislation that changed the former R.C. 2950.01, et seq. (also known as Megan's Law).
[2] We recognized that this case is in conflict with State v.King (May 30, 3008), 2nd Dist. No. 08-CA-02, 2008-Ohio-2594, and the conflict is currently pending at the Ohio Supreme Court in Chojnacki v.Rogers, 119 Ohio St.3d 1405, 2008-Ohio-3880, 891 N.E.2d 767. *Page 1